IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-77,973-01 & -02






EX PARTE CHANDARA NUON, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. F-0614106-S & F-0614107-S IN THE 282ND DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
engaging in organized criminal activity and sentenced to twenty years' imprisonment on each count. (1) 
The Fifth Court of Appeals affirmed his convictions. Nuon v. State, Nos. 05-07-00536-CR & 05-07-00537-CR (Tex. App.-Dallas July 19, 2209, no pet.).

 Applicant contends, among other things, that the State violated Brady v. Maryland, 373 U.S.
83 (1963), by not disclosing written statements from Ly, Him, and Bueno. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Patterson, 993
S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether the
State violated Brady by not disclosing written statements from Ly, Him, and Bueno. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: August 22, 2012

Do not publish
1. Each judgment in these causes says Applicant was convicted of engaging in organized
criminal activity. But according to the parties and the Fifth Court of Appeals, Applicant was
convicted of murder in one cause and engaging in organized criminal activity in the other. This is
consistent with the indictments in the record. For purposes of these applications, we will assume
that Applicant was convicted of murder and engaging in organized criminal activity.